[Sac. No. 4894. In Bank.—January 24, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Savings Association) Respondent, v. HENRY GIANELLA et al., Appellants.

J. Oscar Goldstein for Appellants.

Jerome D. Peters for Respondent.

CONREY, J.—Appeal by defendants from judgment for plaintiff in action in ejectment and to quiet title to some 513 acres of ranch property in Butte County. The words "plaintiff" and "bank" are used to refer to both plaintiff bank and its predecessors. When we refer to defendant Gianella, we shall intend defendant Henry Gianella.

Plaintiff's title was acquired through a sale made under a trust deed given by defendants to secure two overdue notes of defendant Henry Gianella to the plaintiff. No claim is made that the sale and the proceedings leading to the sale, considered by themselves alone, were not in due form sufficient to pass the title, unless the right of the trustee to make the sale was defective by reason of the facts to which reference will be made.

Appellants in their statement of questions involved in this appeal state two questions which in effect present two propositions upon which appellants rely. These propositions are, first, that where a bank under a collateral security agreement held certain negotiable instruments as security for two notes, and later demanded and received a deed of trust as additional security for the same notes, the bank was not justified in foreclosing the deed of trust, the notice of breach having been recorded three months before any collateral was sold under the collateral agreement; second, that where a plaintiff bank sued the defendants in ejectment the trial court did not have the right to make findings of fact on issues not within the pleadings and having no relation to the judgment.

Disposing first of the second proposition, it is sufficient to say that there were no such findings of fact which if erroneously made furnish any good reason for reversal of the judgment; also, that appellants in their brief have not pointed out any discrepancy between pleadings and findings, and have made no argument in support of their contention.

In 1931 defendant Gianella was indebted to the bank in a principal sum of $22,750, represented by two demand

notes of $18,000 and $4,750, respectively; and in addition he had with one Jones become jointly obligated to the bank on notes amounting in the aggregate to $11,500. He had deposited with the bank as security for these notes bonds of the aggregate face value of $8,000, and 549 shares of capital stock of Transamerica Corporation. Default having occurred on the $18,000 note, the defendants on October 26, 1931, at the request of the bank, executed for its benefit a deed of trust on their ranch property, subject to a prior deed of trust in favor of other parties. In September, 1932, all of the notes were due both as to principal and as to interest. On September 3d the bank set in motion proceedings to foreclose the deed of trust. Notice of breach and election to sell thereunder was recorded September 5, 1932; and notice of sale was posted December 7, 1932, fixing January 6, 1933, as the date of sale. Prior to the day of sale, but subsequent to the posting of notice thereof, the bank sold all of the stocks and bonds, with one exception, and received therefor total net proceeds of $5,217.79. Part of this was applied to satisfy the Gianella and Jones notes, and the balance was applied on the Gianella notes. The one item not sold consisted of four Caribean Sugar Co. bonds of $1,000 each par value. It appears that these were omitted from the sale because they were in default and had been deposited by the bank with a bondholders' committee.

In support of the proposition of appellants that under these circumstances the bank was without right to foreclose the deed of trust, they contend that the deed of trust was a secondary security which could not be enforced without first exhausting the primary security by sale of the pledged personal property. The court found that said deed of trust was not accepted by the plaintiff as secondary security for the Gianella notes, nor was there any agreement, express or implied, that the plaintiff would exhaust the pledged security first and prior to realizing upon the deed of trust; also it found that the deed of trust was accepted as security for the payment of the Gianella notes, and it was understood by the defendants that the plaintiff might proceed to exhaust the security of the said deed of trust at any time during which defendants were in default.

We think that the evidence is sufficient to support these findings. Turning to the terms of the notes themselves, the collateral agreement and the trust deed, we find therein no

provision or agreement, express or implied, that they were to constitute respectively a primary and a secondary security. The testimony of the plaintiff's branch manager who supervised the loans in question shows that the bank requested Gianella to give *other* security besides that which the bank had. Having received such security, the bank delayed adverse proceedings for approximately a year.

But even if the trust deed were to be regarded as secondary security, we see no reason why the bank should have been debarred from taking a step altogether preliminary to the sale under the trust deed before it was determined through a sale how much could be realized on the primary securities. The trustee did not actually sell the real property covered by the trust deed until it had disposed of the collateral, or so much thereof as was marketable at that time. It further appears that after the sale of the stocks and bonds, and after the sale under the trust deed, there still remained unpaid on the Gianella notes a balance of more than $11,000.

From the facts hereinabove set forth it is our conclusion that there was a valid sale under the trust deed, and that the deed of conveyance made pursuant thereto vested title in the plaintiff, and that there is no error in the decision or judgment.

The judgment is affirmed.

Curtis, J., Waste, C. J., Shenk, J., and Thompson, J., concurred.